UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL ALLIANCE FOR
ACCESSIBILITY, INC., and DENISE
PAYNE,

    Plaintiffs,

v.                                               Case No.  6:13-cv-67-Orl-28TBS

SIDDHI-VINAYAK OF TENNESSEE,

    Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court without oral argument on Plaintiffs' Verified Application for Attorney's Fees, Litigation Expenses, Expert Fees and Costs (Doc. 31). Plaintiffs National Alliance for Accessibility, Inc., and Denise Payne seek an award of $31,805 comprised of $23,925 in attorney's fees; $5,734 in expert witness fees; and $2,146 in costs. Defendant Siddhi-Vinayak of Tennessee disputes some, but not all, of the amounts claimed by Plaintiffs. (Doc. 34).

## BACKGROUND

Defendant owns a Quality Inn hotel in Orlando, Florida. (Doc. 1, ¶ 3). On January 14, 2013, Plaintiffs filed this action against Defendant, seeking injunctive relief and attorney's fees and costs under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. After it was served, Defendant filed a motion to dismiss on the grounds that Plaintiffs lacked standing, the complaint failed to state a cause of action under the ADA, and it failed to state a claim for injunctive relief.

(Doc. 11).  Plaintiffs filed their response (Doc. 14), and on August 12, 2013 the Court denied the motion (Doc. 15).

On December 6, 2013, Plaintiffs amended their complaint (Doc. 23).  Three days later, the parties notified the Court that they had reached a full and complete settlement on all issues except the amount of attorney's fees and costs to be awarded to Plaintiffs.  (Doc. 24).  On December 11, 2013 the parties filed a joint stipulation for dismissal of this case with prejudice, with the Court to retain jurisdiction to enforce their settlement agreement.  (Doc. 25).  They also asked the Court to refer the case to the magistrate judge pursuant to 28 U.S.C. § 636, to determine the amount of fees and costs to be awarded to Plaintiffs, and enter judgment for that amount.  (Doc. 25).  The Court said it was prepared to accept the terms of the parties' settlement agreement but that it would not retain jurisdiction to enforce the agreement.  (Doc. 26).  It also said it would retain jurisdiction to determine the amount of fees and costs to be awarded to Plaintiffs.  (Id.).  The parties subsequently filed a joint stipulation dismissing the case with prejudice, with the Court retaining jurisdiction to determine and award fees, expenses and costs to Plaintiffs.  (Doc. 27).

ANALYSIS

A. Prevailing Party

Under § 12205 of the ADA, a court may, in its discretion "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . ."  Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469

-2-

F.3d 1357, 1359 (11th Cir. 2006) (quoting 42 U.S.C. § 12205).  For there to be a prevailing party, there must be an "alteration in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).  To settle this case, Defendant has agreed to make a lengthy list of alterations to improve access to its hotel.  (Doc. 25-1, pp. 6-9).  The settlement agreement also provides that "Defendant shall pay Plaintiffs' counsel, Fuller, Fuller and Associates, P.A., for Plaintiffs' reasonable attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter."  (Id., p. 2).  Therefore, I find that Plaintiffs are the prevailing parties.

B.  The Lodestar

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees.  See Norman v. Hous. Auth. Of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.  Id.  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  The applicant must provide "specific and detailed evidence from which the court can determine the reasonable hourly rate."  Norman, 836 F.2d at 1303.

The lodestar presumptively includes all twelve factors adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[1] Id. While the lodestar is presumptively reasonable, the court may adjust it based upon a number of factors, including the degree of the fee applicant's success in the lawsuit. Disabled Patriots of America, Inc. v. HT West End, LLC, 2007 WL 789014 * 2 (N.D. Ga. 2007) (citing Norman, 836 F.2d at 1299)). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

C. Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

---

[1] The (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the likelihood that acceptance of the engagement will preclude other employment by the lawyer; (5) the customary fee charged in the locality for similar or comparable legal services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

-4-

experience, and reputation." Norman, 836 F.2d at 1299.  The fee applicant bears the burden of producing satisfactory evidence that the requested rates are in line with prevailing market rates.  Id.

All of the legal work for which Plaintiffs seek compensation was performed by attorney John P. Fuller who billed $375 per hour for his work on this matter. (Doc. 31-2).  Mr. Fuller has been practicing law for 35 years and, since 1999, ADA litigation has been a focus of his practice.  (Doc. 31-5).  In support of Mr. Fuller's rate, Plaintiffs cite ADA cases litigated in the Middle District of Florida and elsewhere between 2004 and 2014, in which counsel have been awarded fees ranging from $325 to $420 per hour.  (Doc. 31, p. 8-10).  Defendant concedes that Mr. Fuller is skilled in ADA litigation, that it appears to be his primary area of practice, and that $375 per hour is within the range of hourly rates that have been awarded for this type of litigation in the Middle District of Florida.  (Doc. 34, p. 7).   Defendant also admits that $375 is an amount that can be accepted by the Court.  (Id.). Nevertheless, Defendant asks the Court to exercise its discretion to reduce Mr. Fuller's rate to between $325 and $350 per hour.  No party has provided expert opinion testimony concerning the reasonableness of Plaintiffs' fee request.  After considering Mr. Fuller's 35 years of practice, ADA litigation experience, and applying my knowledge of market rates in Central Florida, I find that $375 per hour is a reasonable rate for his services in this case.

D. Time Billed

Next, the Court must determine the number of hours reasonably expended by

Mr. Fuller.  Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" Galdames v. N & D Inv. Corp., 432 F.App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted).  An opponent can only be charged for hours the attorney would have billed to the client.  Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  The court can reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains it reasons for doing so.  Galdames, 432 F.App'x at 806 (citations omitted).

Defendant argues that this entire litigation might have been avoided if Plaintiffs had simply contacted it first in a good faith attempt to amicably resolve their concerns. Defendant suggests that the reason Plaintiffs did not attempt to negotiate first is because the sole motivation for attorneys to represent plaintiffs in ADA cases is to file lawsuits which lead to the recovery of fees.  Defendant cites no legal authority requiring Plaintiffs to engage it in discussion before filing suit and the Court will not speculate about the motives of Plaintiffs or their lawyer.

Plaintiff seeks recovery for 63.80 hours of Mr. Fuller's time.  (Doc. 31-2). Defendant argues that some of the time claimed is excessive.  Defendant's counsel expended 1.30 hours to prepare and file the motion to dismiss.  (Doc. 11; Doc. 34, p. 8).  Mr. Fuller recorded 15.90 hours to prepare and file Plaintiffs' successful response to the motion.  (Doc. 31-2).  Defendant believes the differences in the amount of time recorded by counsel cannot be reconciled and that Mr. Fuller's time is excessive.

Plaintiffs are what are commonly referred to as "serial litigants," or "frequent flyers." A name search of CM/ECF revealed that in addition to this action, Denise Payne has brought 83 other ADA cases in the Middle District of Florida between 2008 and the present. She has also been the plaintiff in over 80 ADA lawsuits in North Carolina. (Doc. 34-1, p. 7). The National Alliance for Accessibility, Inc., appears in CM/ECF as a plaintiff in 48 ADA cases. Attorney John P. Fuller's name appears 77 times in the Middle District of Florida in what appear to be ADA cases.

The District Court for the Middle District of North Carolina noted that courts in that jurisdiction have found on numerous occasions that Ms. Payne lacked standing to bring ADA claims. (Doc. 34-1, p. 7). Random inspection of the dockets in the Middle District of Florida cases handled by Mr. Fuller shows that his clients' standing has been attacked multiple times. See Access 4 All, Inc. v. 7-Eleven, Inc., No. 6:11-cv-139-Orl-MSS-GJK; National Alliance for Accessibility, Inc. v. PAR RE BC CF L.L.C., 6:12-cv-1384-Orl-28DAB, 2013 WL 1296272 (M.D. Fla. Mar. 12, 2013); Access for the Disabled, Inc. v. 7-Eleven, Inc., No. 8:13-cv-107-T-30TGW, 2013 WL 3270418 (M.D. Fla. Jun. 26, 2013); National Alliance for Accessibility, Inc. v. Waterbridge Orange Blossom, LLC, 6:12-cv-1434-Orl-36GJK; Access 4 All, Inc. v. O. & F. Ltd. L.C., 6:12-cv-1701-Orl-22DAB; National Alliance for Accessibility, Inc. v. DDR Mariner Square II, LLC, 8:12-cv-2121-T-SDM-TBM. The same review shows that Mr. Fuller's ADA cases regularly settle without much docket activity.

The issues raised in Defendant's motion to dismiss are not complex. Given Mr. Fuller's (and his clients) experience and expertise in ADA litigation, including

experience litigating the standing issue, I find that 15.90 hours to respond to Defendant's motion to dismiss is excessive.  In view of Mr. Fuller's expertise, which is reflected in his hourly rate, I find that 7.50 hours is a reasonable amount of time to respond to the motion to dismiss.

Next, Defendant challenges the 20.30 hours claimed to prepare and file the instant motion for attorney's fees and costs.  (Doc. 31-2).  There is nothing unique or complex about the motion.  A lawyer with 35 years of experience should be able to put this fee application together in 10 or fewer hours.  Accordingly, I find that 10 hours is reasonable for this work.

Defendant complains that Mr. Fuller expended 1.10 hours to file Plaintiffs' amended complaint while the parties' settlement agreement was being finalized.  (Doc. 34, p. 9).  The Court is not privy to the status of the negotiations when the amended complaint was filed.  But, it knows from experience that the deal is never done until its done.  Accordingly, I find that this time should be allowed.

Next, Defendant disputes the 1.10 hours Mr. Fuller charged to research the ownership of Defendant's hotel.  I find this fee is excessive because Mr. Fuller also purchased a search report from a title company.  (Doc. 31-2).  No more than .30 of an hour should have been required to review the title report.  Therefore, I recommend this charge be reduced to .30.

This case was mediated.  Mr. Fuller billed 3.20 hours, excluding travel time, to attend the mediation.  (Doc. 31-2).  Defendant's lawyer billed 1 hour to attend the same mediation.  (Doc. 34, p. 9).  While Defendant's lawyer admits that Mr. Fuller

arrived first, she questions whether he arrived a full 2.20 hours before she did. There is no suggestion in the record that Plaintiffs' lawyer arrived well in advance of the mediation, or that Defendant's lawyer was equally late. This may be a case where one or both attorneys erred in recording their time. Because I am unable to reconcile counsel's differing time entries, and because Defendant is being ordered to pay Plaintiffs' fees, I recommend that the Court reduce Mr. Fuller's time for the mediation to 2.20 hours.

Application of the hourly rate and attorney hour reductions I am recommending results in a total fee award to Plaintiffs of $16,687.50 based upon 44.50 hours of attorney time at the rate of $375 per hour.

E. Expert Fee

The parties' settlement agreement provides that Defendant will pay Plaintiffs' reasonable expert fees. "Expert fees, like attorney fees, may be awarded in ADA cases, but only if a court determines that they are reasonable." Martinez v. Public Storage, 2010 WL 2219712, * 9 (S.D. Fla. Apr. 27, 2010) (citing Guckenberger v. Boston Univ., 8 F.Supp.2d 91, 111-12 (D. Mass. 1998) (declining to award expert fees for lack of any indication of expert's rate, hours expended, nature of work, tasks performed, date work was completed, or anything other than total charge)).

Plaintiffs seek recovery of $5,734 in expert fees for work performed by Chuck Childers of ADA Assistance Group, Inc. (Doc. 31, p. 15). Mr. Childers performed the initial preliminary inspection of Defendant's hotel and issued the report upon which Plaintiffs' complaint is based. (Id.). Later, he prepared a comprehensive report that

was used in preparing the parties' settlement agreement.  (Id.).  Mr. Childers' itemized invoice includes 25 hours of work performed at the rate of $200 per hour; 16 hours of travel time at $25 per hour; 960 miles at .40 cents per mile; and $50 in miscellaneous related expenses.  (Doc. 31-6, p. 5-6).  All of Mr. Childers' time is billed in one hour increments.  (Id.).

Defendant contends that Mr. Childers' fee is unreasonable and should be reduced.  It has filed the affidavit of its ADA expert, David Goldfarb, president of ADA Compliance Specialists, Inc., in support of its claim.  (Doc. 34-3).  Mr. Goldfarb opines that the standard fee for an ADA inspection, report and recommendations for a hotel the same size as Defendant's is "around $2,500."  (Id., ¶ 6).  Here, Mr. Goldfarb charged Defendant $2,000, inclusive of travel and expenses to prepare a report and recommendations with detailed descriptions and photographs.  (Id., ¶ 5).  Based upon Mr. Goldfarb's testimony, Defendant requests that Plaintiffs be awarded no more than $2,500 for Mr. Childers' work.

Mr. Childers billed in one hour increments and there is no way to tell if he rounded his time up or down.  Unless all three of the telephone calls he recorded actually lasted a minimum of one hour, his fee is inflated.  He also billed at the rate of $200 per hour to print and bind his final ADA inspection report.  (Id.).  This is ministerial work that does not qualify for compensation at a professional rate.  Upon consideration of these charges, and Mr. Goldfarb's expert opinion testimony, I find that Mr. Childers' fee should be reduced to $3,334.  This amount includes $2,500 for his professional services, $400 in travel time, $384 in mileage reimbursement, and

$50 in miscellaneous expenses.

F. Other Costs and Expenses

Plaintiffs are also requesting $2,146 in other costs and expenses. Of this amount, $750 is claimed to reinspect Defendant's hotel and monitor its compliance with the parties' settlement agreement. (Doc. 31, p. 16-17). The $750 reinspection fees is the only item in this category which Defendant disputes. (Doc. 34). It argues that the amount is excessive and be reduced to $250. Courts in Florida have awarded reinspection fees in ADA cases. See Cusson v. Illuminations I, Inc., No. 1:11-cv-87-SPM/GRJ, 2013 WL 103225 * 6 (N.D. Fla. Jan. 7, 2013) (approving $350 reinspection fee); Hoewischer v. Shopping Center Developers of Fla., Inc., No. 3:12-cv-106-99TEM, 2012 WL 7638188 * 3 (M.D. Fla. Oct. 5, 2012) (reducing reinspection fee from $750 to $350); National Alliance for Accessibility, Inc. v. Hull Storey Retail Group, LLC, No. 3:10-cv-778-J-34JBT, 2012 WL 3853520 * 7 (M.D. Fla. Jun. 28, 2012) (finding proposed $1,000 reinspection fee excessive and reducing it to $350); Access for the Disabled, Inc. v. Osceola Enterprises of Kissimmee, Inc., No. 6:09-cv-1805-Orl-31GJK, 2010 WL 2889876 * (M.D. Fla. Jul. 1, 2010) (reducing requested reinspection fee from $750 to $250).

According to Mr. Childers' invoice he inspected Defendant's hotel twice and on each occasion, he recorded one hour of time. This leads me to conclude that an expert requires one hour to actually inspect the hotel. At Mr. Childers' professional rate, that translates to a fee of $200. The Court has no reason to believe that there are not ADA experts in Central Florida who could not perform the reinspection of the

hotel.  Accordingly, a fee of $350 should be more than sufficient to pay a local expert to perform the reinspection.  If a reinspection fee of $350 is awarded, then the total other costs and expenses recoverable by Plaintiffs is $1,746.

VIII. RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiffs' motion be GRANTED in part and DENIED in part and:

(1) Plaintiffs be awarded a total of $16,687.50 in attorney's fees.

(2) Plaintiffs be awarded an expert fee of $3,334.

(3) Plaintiffs be awarded a total of $1,746 in other costs and legal expenses.

Any party may file and serve specific written objections within fourteen (14) days after service of this Report and Recommendations.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.  See 28 U.S.C. § 636; FED. R. CIV. P. 72; M.D. FLA. Rule 6.02(a).  Plaintiffs filed a response to the motion (Doc. 14), and on August 12, 2013, the Court denied the motion to dismiss.  (Doc. 15).

IN CHAMBERS in Orlando, Florida, on March 6, 2014.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

United States District Judge
Counsel of Record